## STATE *vs.* HATTIE CLARK.

A statute may be unconstitutional and void in part, and in part valid.

Public Statutes R. I. cap. 87, § 31, forbidding the sale of liquors on Sunday, is not inconsistent with the constitutional amendment Art V. of April 7, A. D. 1886, as § 31 is separable from the rest of the chapter.

CONSTITUTIONAL questions certified to the Supreme Court under Pub. Stat. R. I. cap. 220, §§ 1–9.

The Public Statutes of Rhode Island went into effect February 1, A. D. 1882.

April 7, A. D. 1886, Article V. in amendment of the Constitution of the State was approved, providing, " The manufacture and sale of intoxicating liquors to be used as a beverage shall be prohibited." The amendment was May 15, 1886, duly declared to have been adopted.

*July* 26, 1886. PER CURIAM. This is one of the several complaints for the violation of Pub. Stat. R. I. cap. 87, § 31. This section provides that " No sale of the liquors enumerated in sections 25 and 26 of this chapter shall be made on Sunday, except by registered pharmacists or registered assistant pharmacists, upon a physician's prescription," and prescribes the punishment for a violation. The liquors enumerated in sections 25 and 26 are ale, wine, rum, or other strong or malt liquors, or any mixed liquors a part of which is ale, wine, rum, or other strong or malt liquors. The case comes up upon the certificate of the Justice Court of Providence, upon a question raised before said court in regard to the constitutionality of cap. 87, and of the section for the violation of which the complaint is made.

The contention is that cap. 87 is inconsistent with the fifth amendment of the Constitution of the State, which declares that the manufacture and sale of intoxicating liquors to be used as a beverage shall be prohibited, because cap. 87 enacts a license system, and section 31 is a part of it.

We think there can be no doubt that a statute may be unconstitutional in part and constitutional in part, and that, while the unconstitutional part may be void, the constitutional part may be valid and may be carried into effect. It may be, however, that the parts of a statute are so connected and interdependent that it must be presumed that the statute was enacted as a whole, and was intended to be carried into effect as a whole; and when this is the case the entire statute is unconstitutional and void, even though parts of it taken by themselves would be constitutional if they could be separated from the rest. We do not think that section 31, taken by itself, is in conflict with the fifth amendment. It is a provision which might be enacted, in substance, to-day without coming in conflict with the fifth amendment. The only question, therefore, is whether it is so interwoven with the rest of the chapter as to make it an inseparable part of the system there enacted.

We do not see any reason for regarding it as such.  The purpose of it seems to be to protect the Sabbath from desecration, rather than merely to prohibit the sale of liquors.  It extends not only to those who sell without license, but to those who sell with license; the purpose being to prevent the selling on Sunday altogether, except by registered pharmacists or registered assistant pharmacists upon a physician's prescription.  Our conclusion, therefore, is that the section is not in conflict with the Constitution, but was as valid and effectual when the complaint was made as it was before the fifth amendment was adopted.

*Order accordingly.*

*Edwin Metcalf,* Attorney General, for plaintiff.

*Arthur L. Brown & John M. Brennan,* for defendant.